UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA RILEY R.,<br><br>                              Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                            Defendant. | Case No.: 3:24-cv-00436-JES-BGS<br><br>**ORDER RECOMMENDING DENIAL OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND WITH LEAVE TO PAY THE FILING FEE**<br><br>**[ECF 2]** |

      Plaintiff has filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying disability benefits. (ECF 1.) She has not paid the civil filing fee required to commence this action, and by this motion, she moves to proceed *in forma pauperis* (IFP). (ECF 2.) This Report and Recommendation is submitted to United States District Court Judge James E. Simmons pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c). For the following reasons, **IT IS RECOMMENDED** that the motion be **DENIED** without prejudice and with leave to pay the filing fee.

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a); *see* 28 U.S.C. § 1914(a) (requiring a party instituting a civil action to pay a filing fee of $350 as well as a $50 administrative fee). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the Court grants leave to proceed IFP under 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

The determination of indigency is in the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by* 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessitates of life." *Id.* In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *McMillen v. Comm'r of Soc. Sec.*, No. 22-cv-00925-SAB, 2022 WL 4099069, * 1 (E.D. Cal. Aug. 5, 2022).

Plaintiff's IFP application indicates that she is unemployed but gets Veterans Administration benefits in the amount of $1,716.28 a month. (ECF 2 at 1.) She has $1,440 in cash in a checking or savings account, a Toyota Prius worth about $12,000, $188.15 in stocks, a Roth IRA worth about $18,000, and a TSP/401k worth about $35,000. (ECF 2 at 2.) Plaintiff's regular monthly expenses consist of $129 for car insurance, $18.25 for renter's insurance, $68.71 for her cell phone, and $136 for storage, totaling $351.96. (*Id.*) Plaintiff is currently living in a mental health treatment center and does not pay rent. (ECF 2 at 1.) Plaintiff has not been employed since July 2023. (*Id.*)

In total, Plaintiff's VA benefits amount to an annual income of $20,595.36, and are

higher than the 2024 federal poverty guideline income for a household of one person, which is $15,060.  *See* 2024 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited March 29, 2024).  Furthermore, Plaintiff's monthly income currently exceeds her expenses by $1,364.32, and she has assets that total $66,628.15.  Given that Plaintiff's annual income exceeds the federal poverty level guidelines, and that Plaintiff's monthly income exceeds her monthly expenses by $1,364.32, and that Plaintiff has assets totaling $66,628.15, the Court finds that Plaintiff fails to establish that she "cannot pay the court costs and still afford the necessitates of life."  *See Escobedo*, 787 F.3d at 1234; *see Maya v. Kijakazi*, No.: 23CV2108-BLM, 2023 WL 8458785, at *2 (S.D. Cal. Nov. 22, 2023) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual household gross income was $32,739.60, significantly higher than the federal poverty guideline income of $19,720, his monthly expenses were $542.30 less than his monthly income, and he had land worth $30,000 and a car worth $5,000); *Campos v. Saul*, No. 1:19-cv-00248-REB, 2019 WL 13251985, *1 (D. Idaho July 11, 2019) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual household gross income was $32,880 and the federal poverty guideline income was $25,750); *Johnson v. Leokane*, No. 08-00432 ACK-KSC, 2008 WL 4527065, at *3 n.2 (D. Haw. Oct. 9, 2008) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual household gross income was $14,124, $2,164 more than the federal poverty guideline income that year).

For the following reasons, **IT IS RECOMMENDED** that the District Court issue an Order **DENYING** the motion without prejudice and with leave to pay the filing fee.

**IT IS ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **April 12, 2024**. The document should be captioned "Objections to Report and Recommendation."

Dated:  March 29, 2024

Hon. Bernard G. Skomal
United States Magistrate Judge